UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VIOLA GARDUÑO, individually and
as Personal Representative of the
Estate of Daniel F. Garduño, deceased,

      Plaintiff,

v.                                                                              Case No. _____

UNITED STATES OF AMERICA,

      Defendant.

## COMPLAINT FOR WRONGFUL DEATH

      COMES NOW the Plaintiff Viola Garduño, individually and as Personal Representative of the Estate of Daniel F. Garduño, deceased, and for cause of action against the Defendant United States of America states:

    1.    Plaintiff is a resident of New Mexico.

    2.    This action is brought pursuant to 28 U.S.C. §1346(b) and 28 U.S.C. §2671 to §2680.

3.      This claim has been properly presented to the appropriate federal agency which denied the claim. Thereafter a proper request for reconsideration was filed and less than six (6) months has expired since the request was denied.

4.      The United States of America is an appropriate Defendant as the acts and omissions complained of were negligent actions and omissions of the United States Department of Veterans Affairs, hereinafter referred to as the VA.

5.      Viola Garduño is the widow of the deceased, Daniel F. Garduño, and is the Personal Representative of the Estate of Daniel F. Garduño.

6.      Daniel F. Garduño received medical care through the VA Healthcare System at the VA Hospital/VA Medical Center in Albuquerque, New Mexico in 2010.

7.      On or about September 5, 2010, Daniel F. Garduño was taken to the VA Hospital/VA Medical Center in Albuquerque for medical care and treatment.

8.      On and after September 5, 2010, Daniel F. Garduño was treated as a patient at the VA Hospital/VA Medical Center in Albuquerque, New Mexico owned and operated by Defendant.

9.      At the VA Hospital/VA Medical Center, Daniel F. Garduño was examined and treated by medical personnel who were employed by, and were actual and/or apparent agents of, Defendant acting within the course and scope of their employment and agency.

10. Daniel F. Garduño was admitted to the VA Hospital/VA Medical Center and was hospitalized there until his death on September 24, 2010.

11. Defendant failed to exercise ordinary care, negligently diagnosed and negligently treated Daniel F. Garduño resulting in injury to him and his wrongful death.

12. The negligence of Defendant includes, not is not limited to:

    a. failing to protect Daniel F. Garduño from contracting infection;

    b. failing to diagnose the infection and pneumonia in a timely or proper manner;

    c. failing to give timely and appropriate care to treat the infection and pneumonia;

    d. failing to have sufficient, adequately trained personnel, to render an appropriate diagnosis and treatment; and

    e. otherwise failing to exercise ordinary care in the care and treatment of Daniel F. Garduño.

13. Defendant, through its agents and employees, was negligent in the diagnosis, care and treatment of Mr. Garduño and that lack of appropriate care resulted in the eventual death of Mr. Garduño.

14. In treating, diagnosing and caring for Daniel F. Garduño, Defendant, through its doctors and medical personnel, failed to possess and apply the knowledge

and to use the skill and care ordinarily used by reasonably well qualified doctors and other health care providers in the same field of medicine or practice as that of Defendant practicing under similar circumstances.

15. Defendant is liable for the acts and omissions of its employees and agents who were acting within the scope or course of their employment/agency.

16. The negligence of Defendant was a proximate cause of Daniel F. Garduño's illness and wrongful death.

17. As a result of the wrongful death, damages have occurred including, but not limited to:

    a. economic loss because of the wrongful death including lost earnings, loss of earning capacity and loss of household services;

    b. the value of the deceased's life apart from his earning capacity;

    c. the pain and suffering of the deceased between the time of the injury/illness and his death;

    d. loss of consortium for his surviving spouse;

    e. the aggravating circumstances attending the wrongful acts; and

    f. the reasonable expenses of funeral and burial.

WHEREFORE Plaintiff Viola Garduño, individually and as Personal Representative of the Estate of Daniel F. Garduño, deceased, prays for judgment

against the Defendant United States of America in the sum of $7,000,000, together with interest, costs, and such other relief as the Court deems just.

/S/ JAMES T. ROACH
JAMES T. ROACH (CAID # 68/038)
300 Central Avenue SW, Suite 1500-West
Albuquerque, New Mexico  87102
Phone:  (505) 243-4419
Fax:  (505) 243-4169
roachlawfirm@yahoo.com

*Attorney for Plaintiff Viola Garduño*